

Dyan Finguerra-DuCharme
Partner

Direct Tel: 212-326-0443
DFinguerra-DuCharme@PRYORCASHMAN.com

*Lorna G. Schofield*
**UNITED STATES DISTRICT JUDGE**

February 16, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Application granted in part. The discovery in this case is stayed until March 18, 2022. The deadline to answer or otherwise respond to the Amended Complaint is adjourned sine die. Defendants shall retain new counsel by March 11, 2022. By March 18, 2022, Defendants' new counsel shall have conferred with Plaintiff's counsel and shall propose a new civil case management plan and a deadline to answer or otherwise respond to the Amended Complaint. The request to adjourn the initial pretrial conference scheduled for March 23, 2022, is denied without prejudice to renewal by new counsel.

Dated: February 18, 2022
New York, New York

Re: <u>GMA Accessories, Inc. v. Unit 20 Ltd., et al., Civ. No. 21-11227 (LGS)</u>

Dear Judge Schofield:

    We represent Defendants Unit 20 Ltd. and Charlotte Knowles Ltd. in the above-referenced matter. We write to respectfully request a sixty-day stay in order to permit Defendants to retain new counsel.

    Plaintiff filed a Complaint alleging trademark infringement against Defendants on December 31, 2021 (Dkt. No. 1). Defendants are a small UK-based clothing company, which was founded by Charlotte Knowles in or around 2017 when she was still a student at university. Indeed, Defendants ceased use of the allegedly infringing CHARLOTTE KNOWLES mark in the United States even before the Complaint was filed in the hopes of avoiding a lawsuit. Nevertheless, Plaintiff abruptly terminated settlement discussions and proceeded to file the instant suit. Defendants retained Pryor Cashman LLP because we have previously litigated against Plaintiff and its counsel concerning the trademark at issue in this case, Plaintiff's claimed CHARLOTTE mark in connection with clothing and accessories, and Defendants were therefore hopeful that we would be able to resolve the case amicably without the need for protracted litigation. Unfortunately, Plaintiff's conduct to date, including filing an Amended Complaint naming Defendants' alleged retailers today, has made clear that an early resolution is unlikely.

    As litigation is moving forward, requiring Defendants to begin the time-consuming and expensive discovery process, Defendants must find a smaller, more economical firm to represent them. This process will involve particular challenges for them, as they are located overseas. They therefore seek a sixty-day stay in the litigation in order to afford them time to locate and retain new counsel.



Hon. Lorna G. Schofield
February 16, 2022
Page 2

    No Case Management Plan has yet been ordered; therefore, the stay would not require extension of any existing deadlines so-ordered by the Court. The Court has scheduled a conference for March 23, 2022 at 4 pm, which conference would need to be adjourned until the following month. In addition, the stay would extend the deadlines for service of Defendants' initial disclosures, currently due on February 17, 2022, as well as Defendants' responses and objections to Plaintiff's first set of document requests and first set of interrogatories, which responses are due on March 7, 2022, and Defendants' response to the Amended Complaint, which is due on March 2, 2022. Plaintiff has refused to consent to the requested extension, stating that the Case Management Plan was negotiated two weeks ago and that Plaintiff does not believe it should be difficult to respond to its discovery requests given that Defendants' U.S. sales are minimal. Plaintiff underestimates the time required to respond to its broad discovery requests. Moreover, given that an Amended Complaint was just filed, which alleges additional claims and names new parties, this is an apt time for a stay in discovery to permit Defendants to retain new counsel to familiarize themselves with the matter and respond to the Amended Complaint.

    We thank the Court for its time and consideration of Defendants' request and are available to discuss the matters raised herein at the Court's convenience.

                        Respectfully submitted,

                        Dyan Finguerra-DuCharme