USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/8/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GMA ACCESSORIES INC.,                      :
                                                               :
                           Plaintiff,              :
                                                               :
            -v-                                           :          **MEMORANDUM ORDER**
                                                               :
                                                               :          21-CV-11227 (LGS) (JLC)
                                                               :
UNIT 20 LTD. *et al.*,                          :
                                                               :
                           Defendants.          :
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

         In this trademark case, Plaintiff GMA Accessories Ltd. ("GMA") and

Defendants Atallah Group U.S. Inc. ("Atallah"), Unit 20 Ltd., Charlotte Knowles

Ltd., and Notre LLC (collectively, "Defendants") have presented a dispute

concerning one provision of their proposed protective order.  Specifically, GMA

requests an exception to materials designated as Attorney's Eyes Only ("AEO")

Highly Confidential, in which its counsel would be permitted to verbally disclose to

GMA officers and employees "specific Confidential Information" relating to

Defendants' total revenue.

         GMA argues that this information is necessary to make litigation decisions,

particularly related to damages as they pertain to the sales of goods allegedly

infringing on the trademark in question.  GMA Letter dated April 27, 2022, at 1

(Dkt. No. 98).  Defendants counter that this exception would render the AEO

designation meaningless, disclose "highly sensitive non-public information, that has

serious competitive business ramifications," and is unnecessary if GMA utilizes an

expert for damages.  Defendants' Letter dated April 26, 2022, at 1 (Dkt. No. 97).[1]

Having reviewed the parties' submissions, the Court concludes – for the

reasons discussed below – that the exception that counsel for GMA seeks to verbally

share AEO Highly Confidential-designated information with its clients relating to

Defendants' total revenue is appropriate.  I will therefore enter a protective order

with the language proposed by GMA in the paragraph in question (paragraph 9).

*See* GMA Letter dated May 13, 2022 at 3–4 (Dkt. No. 107); Atallah Letter dated

May 13, 2022 at 2 (Dkt. No. 106).[2]

---

[1] The issue was first presented by Atallah's attorneys on behalf of all Defendants on April 26, 2022.  Dkt. No. 97.  In response, GMA argued that "[a]t a minimum aggregate revenue, profit and customer identities must be shared with the client to make litigation decisions."  Dkt. No. 98.  The Court then directed the parties to meet and confer to see if they could resolve the dispute, and if not, gave the parties permission to supplement their prior submissions with additional letters.  Dkt. No. 100.  While the parties have narrowed their disagreement (and customer identities are no longer at issue), they were unable to reach agreement on the issue of how total revenue information would be handled, and they have submitted additional letters arguing their respective positions.  Dkt. Nos. 106, 107, 116.

[2] For avoidance of doubt, the request GMA made in the final paragraph of its reply letter is denied.  GMA Letter dated May 19, 2022 at 3 (Dkt. No. 116).  There, GMA proposes for the first time "that total revenue and identity of resellers of knockoffs is not confidential" information at all, rather than be an exception to the AEO Highly Confidential designation that would "simply allow[] it to be exchanged with a party in paragraph 9."  *Id.*  The Court sees no reason to make that decision (whether it is confidential information or not) at this juncture.  The proposed paragraph 9 exception is sufficient to allow GMA to prosecute its case at this stage of litigation (as discussed below).  Should the case proceed to dispositive motion practice and/or trial, the confidential nature of such information can be reconsidered.

While it contends that it will be prejudiced if GMA officers and employees are given access to information regarding its revenues for certain products, Atallah, a retailer accused by GMA of infringing and counterfeiting based on sales of fashions designed by co-defendant Charlotte Knowles, Ltd., has not met its burden to demonstrate that the information should be protected from the opposing party.[3]  It is well-settled that "[a] party resisting discovery on the ground that the information is confidential must prove that the disclosure of the confidential information will result in a 'clearly defined and very serious injury to its business.'"  *Fossil Group, Inc. v. Angel Seller LLC*, 20-CV-2441 (WFK) (TAM), 2021 WL 8168871, at *3 (E.D.N.Y. Nov. 10, 2021) (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y. 1997) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test . . . [i]nstead, the party resisting discovery must prove that disclosure of the confidential information will result in a clearly defined and very serious injury to its business.") (cleaned up)).  "[T]he mere fact that the information sought is commercially sensitive does not create a privilege against disclosure." *Ekstein v. Polito Associates LLC*, 20-CV-1878 (JCM), 2022 WL 783000, at *8 (S.D.N.Y. Mar. 15, 2022).  *See also Deffaa v. Pivotel America, Inc.*, 20-CV-5466 (ER), 2021 WL 4124301, at *1 (S.D.N.Y. Sep. 9, 2021) (denying defendant's request

---

[3] Atallah wrote its original letter on behalf of all Defendants, and its supplemental letter on its own behalf.  For avoidance of doubt, the Court construes Atallah's arguments to be made on behalf of all Defendants.

to mark documents as "highly confidential" when it did not sufficiently describe "with specificity" basis for request).

Other case law supports the Court's conclusion.  In *Hallmark Licensing LLC v. Dickens Inc.*, for example, the plaintiff sought documents reflecting prices paid by defendant and restrictions imposed by sellers on the resale of cards defendant had purchased from them.  The defendant argued that the requests constituted trade secrets and sought to produce only responsive information if the documents were marked "attorneys' eyes only."  *Hallmark Licensing LLC v. Dickens Inc.*, No. 17-CV-2149 (SJF) (AYS), 2018 WL 6573435, at *6 (E.D.N.Y. Dec. 13, 2018).  The court in *Hallmark* determined that these requests were not for "trade secrets," and that an AEO designation was not warranted, because the defendant had not met its burden of demonstrating that the requested information constituted trade secrets by providing any specific, non-conclusory information regarding the extent of measures taken by the business to guard the secrecy of such information, the value of the information to the business, or the ease or difficulty with which it would be acquired by others.  *Id.*

The same is true here with respect to "total revenue."  Atallah asserts only that it "holds [total revenue] information as private and confidential because it has value for competitive decision makers, and does not share such information publicly, least of all, with those seeking to compete against Atallah and at its expense."  Dkt. No. 106, at 3.  It does not explain in any more detail what value it holds apart from the assertion that it does hold value, the extent of measures taken

to guard its secrecy beyond stating they do not share it publicly, nor what the real risk of sharing it would be.[4]

Moreover, total revenue information is plainly relevant to the litigation decisions GMA must make in this case, and Defendants have not suggested otherwise. "Relevance is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Ekstein*, 2022 WL 783000, at *3 (quoting *Doe v. Sarah Lawrence College*, 19-CV-10028 (PMH) (JCM), 2021 WL 197132, at *3 (S.D.N.Y. Jan. 20, 2021) (cleaned up)). GMA explains that its lawsuit seeks damages based on the amount of sales of allegedly infringing goods, and it therefore needs to understand the global damages at issue as well as the participants in the alleged infringement in order to "direct litigation decisions such as budgeting, proposed motions to amend, summary judgment, trial and settlement decisions." Dkt. No. 98, at 1. This sufficiently meets the relevancy standard as described in *Ekstein*.

---

[4] The cases on which Defendants rely are distinguishable. In *Sullivan*, for example, the court explained that "[p]ricing and marketing information are widely held to be 'confidential business information' that may be subject to a protective order," neither of which is at issue in the instant dispute. *Sullivan Marketing, Inc. v. Valassis Communications, Inc.*, No. 93-CV-6350 (PKL), 1994 WL 177795, at *1 (S.D.N.Y. May 5, 1994). In *Vesta Corset Co., Inc. v. Carmen Foundations, Inc.*, the confidential information at issue included "pricing, profits, costs, overhead, manufacturing specifications, customer lists, price structure, and dealings with a common customer." *Vesta Corset Co., Inc., Inc. v. Carmen Foundations, Inc.*, No. 97-CV-5139 (WHP), 1999 WL 13257, at *2 (S.D.N.Y. Jan. 13, 1999). Defendants have not explained why "total revenue" is analogous to the wide-ranging and specific information at issue in that case.

In addition, the Court is unpersuaded by Atallah's argument that GMA can simply obtain this information through an expert it eventually retains. Atallah cites no authority for this proposition, and a plaintiff should not have to hire an expert and wait for an expert report to discover the total amounts at stake in a litigation. Such a requirement, requiring both delay and expense, would run afoul of the dictates of Rule 1 of the Federal Rules of Civil Procedure, which requires that cases be litigated to ensure their "just, speedy, and inexpensive" determination.

For these reasons, the exception for total revenue that GMA seeks is approved.[5] The parties are directed to file the signed, joint proposed protective order consistent with this Memorandum Order by **June 13, 2022** for the Court's approval.

**SO ORDERED.**

Dated: June 8, 2022
    New York, New York

JAMES L. COTT
United States Magistrate Judge

---

[5] Notably, in other cases GMA has brought in this District, the protective orders did not include the AEO protection Defendants seek here. For example, in *GMA Accessories, Inc. v. Danbar*, 21-CV-11156 (VSB) (JLC)**,** the protective order that was entered in March 2022 (and to which GMA refers in its letter at Dkt. No. 107), provides for an AEO designation, including topics such as "business or financial information." It also provides, however, that AEO-designated documents "may be discussed between attorney and his/her respective client without sending the client the documents," without any exceptions. Thus, this order does not restrict total revenue noted in AEO-designated documents from being shared verbally with the parties. Similarly, in *GMA Accessories, Inc. v. HMY Jewelry, Inc.*, 20-CV-11126 (JPC) (KHP), the protective order did not provide for an AEO designation at all. Upon revision, an amended order was entered to provide for an AEO designation, but only with respect to customer information, which is not in dispute in this case. Thus, this order also does not restrict total revenue from the parties.