```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/10/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GMA ACCESSORIES, INC.,

                Plaintiff,

- against -

UNIT 20 LTD, CHARLOTTE KNOWLES LTD,
ATALLAH GROUP US INC,
DOVER STREET MARKET NEW YORK LLC,
TENKEI CORP., SENSU, INC. and NOTRE LLC,

                Defendants.
-----------------------------------------------------------------X

Civil Action No.: 21-11227 (LGS)(JPC)

**JOINT PROTECTIVE ORDER**

Plaintiffs GMA Accessories Inc. ("GMA" or "Plaintiff") and Defendants UNIT 20 LTD, CHARLOTTE KNOWLES LTD, ATALLAH GROUP US INC., DOVER STREET MARKET NEW YORK LLC, TENKEI CORP., SENSU, INC. and NOTRE LLC ("Appearing Defendants") (Plaintiff and Appearing Defendants collectively, referred to as the "Parties") submit this Protective Order for the Court's approval, and for good cause shown, it is,

**ORDERED THAT** this Joint Protective Order shall govern discovery provided by the Parties and any other party or non-party ("Discovery Material") in connection with the above-captioned action (the "Action") pursuant to the following terms:

1.    If any Party or person who provides or has provided Discovery Material in connection with this Action (the "Producing Party") determines in good faith that such Discovery Material would pose a high risk of competitive harm, such as non-public information of a commercially, financially or personally sensitive nature, the Producing Party may designate specifically identified Discovery Material as "CONFIDENTIAL" (such material hereinafter referred to as "Confidential Discovery Material").

1

2. The Producing Party may designate specifically identified Discovery Material as "ATTORNEYS' EYES ONLY-HIGHLY CONFIDENTIAL" (such material hereinafter referred to as "AEO Highly Confidential Discovery Material") if and only if the Producing Party determines in good faith that such Discovery Material contains at least one of the following: (a) sensitive technical information, including current research, development and manufacturing information; (b) sensitive business information, including highly sensitive financial or marketing information; (c) competitive technical information, including technical analyses or comparisons of competitor's products or services; (d) competitive business information, including non-public financial and marketing analyses, media scheduling, comparisons of competitor's products or services, and strategic product/service expansion plans; (e) personal health or medical information; or (f) an individual's personal credit, banking or other financial information  For purposes of this Joint Protective Order, both Confidential Discovery Material and AEO Highly Confidential Discovery Material shall be referred to collectively as "Confidential Information," and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal or otherwise disclose such Confidential Information shall be handled in strict accordance with the terms of this Joint Protective Order.

3. Discovery Material may not be designated as subject to any form of protection if it (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this Order; (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (c) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (d) is disclosed by a non-designating party or non-party witness legally compelled to

disclose the information; or (e) is disclosed by a non-designating party with the approval of the designating party.

4. Copies and/or originals of Confidential Information that are produced, given or exchanged in connection with this Action shall be designated as such by the Producing Party by stamping or otherwise clearly marking at least on the first page of a document or writing, and each page containing Confidential Information with "CONFIDENTIAL" or "AEO HIGHLY CONFIDENTIAL." When the designation is intended to apply to only a portion of a document or writing, that portion shall be clearly marked "CONFIDENTIAL" OR "AEO HIGHLY CONFIDENTIAL."

5. Information contained or revealed in a deposition, whether in a question, answer, or exhibit, in connection with this Action may be designated on the record as "CONFIDENTIAL" or "AEO HIGHLY CONFIDENTIAL." Portions of transcripts of testimony and/or exhibits so designated during the deposition may, at the option of any Party, be appropriately marked and bound separately at the expense of the Designating Party. A Party may also designate information disclosed at depositions as "CONFIDENTIAL" or "AEO HIGHLY CONFIDENTIAL" by notifying counsel for all Parties, in writing, within five (5) days of receipt of the transcript of the deposition of the specific pages and lines of the transcript and/or exhibits which contain Confidential Information.

6. The disclosure of Discovery Material without designating it as "CONFIDENTIAL" or "AEO HIGHLY CONFIDENTIAL" in accordance with the foregoing paragraphs does not constitute a waiver of such right and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material will be deemed Confidential Discovery Material or AEO Highly Confidential Discovery Material from the time it is designated "CONFIDENTIAL"

or "AEO HIGHLY CONFIDENTIAL." Upon receipt of such a supplemental designation, any party that received such Discovery Material (the "Receiving Party") that disclosed the Discovery Material prior to its designation as Confidential Information shall exercise its best efforts to ensure that the Discovery Material, and any information derived therefrom, is treated as Confidential Information in accordance with the terms of this Joint Protective Order.

7. Except as modified by Paragraph 9 herein with respect to "AEO HIGHLY CONFIDENTIAL" documents and information, Confidential Information shall not be disclosed directly or indirectly by a Receiving Party to persons other than:

   a. Parties;

   b. Counsel, regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) for use in accordance with this Joint Protective Order;

   c. Experts or consultants engaged to assist outside counsel retained specifically for this Action, subject to the conditions and procedures listed in Paragraph 8;

   d. Witnesses or deponents and their counsel, during the course of, or to the extent necessary to prepare for, depositions or testimony, subject to the conditions and procedures listed in Paragraph 6 if not otherwise included in this Paragraph 7;

   e. Any person indicated on the face of a document to be the author, addressee, or an actual receiving party of the document;

   f. Stenographers engaged to transcribe depositions conducted with respect to this Action;

   g. The Court and any appellate court and their support personnel; and/or

   h. Any other person with the written Joint of the Producing Party.

8. All persons listed in Paragraphs 7(c) and 7(d) above, who are given access to Confidential Information or documents or documents containing Confidential Information, therein, shall first execute a Non-Disclosure Agreement in the form annexed as Exhibit A hereto

4

(the "Agreement"), agreeing in writing to be bound by the terms and conditions of this Joint Protective Order, Jointing to the jurisdiction of the Court solely for purposes of enforcement of the terms of this Joint Protective Order, and agreeing not to disclose or use any Confidential Discovery Material for purposes other than those permitted herein.  Signed Agreements shall be maintained by counsel for the party responsible for obtaining those Agreements as a condition to giving such persons access to Confidential Discovery Material.  Notwithstanding Paragraphs 7(c) and 7(d) above, Confidential Discovery Material may be provided to experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist outside counsel retained specifically for this Action, and provided that such expert or consultant is using said materials solely for such purposes.

      9.     A heightened level of protection will be afforded to Confidential Information designated as "AEO HIGHLY CONFIDENTIAL".

Discovery Material designated as "AEO HIGHLY CONFIDENTIAL" may only be disclosed to outside counsel of record (which may be discussed between attorney and his/her respective client as necessary in the counsel's discretion to advise the client with respect to informed decisions concerning the litigation, in general terms without disclosing the specific Confidential Information (other than total revenue and identities of purchasers of the allegedly infringing merchandise) or sending the client the documents), and the persons identified in 7(b)-(h). The parties agree that the person to whom the "AEO HIGHLY CONFIDENTIAL" Discovery Material is disclosed will not use such Discovery Material for competitive purposes, including but not limited to, to conceive, create, design or develop any products that will compete with the Producing Party. The requirements of Paragraph 8 also apply to information and documents designated as AEO HIGHLY CONFIDENTIAL."

10. Recipients of Discovery Material under this Order may use such material solely for the prosecution and defense of this Action and any appeals thereto, and not for any business, commercial, or competitive purpose or for purposes of or in any other litigation proceeding.

11. Nothing in this Joint Protective Order shall be construed to limit in any way any Party's use of its own Confidential Information, nor shall it affect any person's or entity's subsequent waiver of its own prior designation with respect to its own Confidential Information.

12. All AEO HIGHLY CONFIDENTIAL Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Confidential Information shall be filed under seal only as provided in Judge Schofield's Individual Practice Rules and Procedures Rule I. D. 3.

13. The Disclosing Party asserting that Discovery Material is AEO Highly Confidential Discovery Material should meet and confer with any Receiving Party that objects to the designation within three (3) days of receipt of a letter of objection from the Receiving Party which explains the grounds for the objection. The Producing Party should articulate its grounds for the designation with particularity.

14. In the event that the parties cannot resolve any dispute concerning the designation of Discovery Material as Confidential Discovery Material or AEO Highly Confidential Discovery Material, the Producing Party shall electronically file a letter motion seeking leave to file a document under seal on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions or as ordered by the Court. The letter motion itself shall be filed in public view, should explain the reasons for seeking to file the document under seal, and should not include confidential information. The proposed sealed document shall be separately and contemporaneously filed under seal on ECF (with the appropriate

level of restriction) and electronically related to the motion (or to the relevant Court order if the Court previously granted leave to file the document under seal). Note that the summary docket text, but not the document itself, will be open to public inspection and, thus, the summary docket text should not include confidential information sought to be filed under seal.

15. This Joint Protective Order shall not apply to the treatment to be given at any trial or evidentiary hearing to any Confidential Discovery Material. Such treatment shall be subject to subsequent order of this Court issued prior to trial.

16. Each person who has access to Confidential Information shall take all due precautions to prevent the unauthorized disclosure of such Confidential Information.

17. This Joint Protective Order shall survive the termination of all proceedings in connection with this Action. Unless otherwise agreed to or ordered by the Court, within thirty (30) days of the final disposition of this Action (including any appellate proceedings), all Confidential Information and all copies thereof (with the exception of one file copy that counsel may keep for up to five years), shall be promptly returned to the Producing Party (who shall be obligated to maintain the same in its original form for a period of five years). With regard to Confidential Information that has been received electronically and that cannot be returned or destroyed, the Receiving Party must take reasonable measures to ensure that (i) the documents are electronically deleted, including from "trash" files and (ii) unauthorized persons do not have access to Confidential Information resident on the recipient's computer server and back-up media. A Party disposing of Confidential Information in a manner consistent with the immediately preceding sentence shall provide a certification of such disposition to the Producing Party's counsel within thirty (30) days of final disposition of proceedings in this Action and written request therefor.

18. If any Receiving Party is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Information, the Receiving Party shall give written notice promptly, and in no event later than three (3) business days after receipt of such subpoena or document demand, to the Producing Party that identifies the Confidential Information sought and encloses a copy of the subpoena or discovery request. Except as ordered otherwise by a court of competent jurisdiction, the Receiving Party shall refrain from producing any Confidential Information in response to such a subpoena or document demand until the earlier of (i) receipt of written notice from the Producing Party that such party does not object to production of the Confidential Information or (ii) resolution of any timely objection asserted by the Producing Party either by agreement or by order of the court with jurisdiction over the objection of the Producing Party. The burden of opposing the enforcement of the subpoena shall fall solely upon the Producing Party. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Joint Protective Order to challenge or appeal any order directing production of Confidential Information covered by this Joint Protective Order, or to subject himself, herself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

19. A person or entity from whom discovery is sought, or enters an appearance in this Action may join this Joint Protective Order, thereby becoming an additional Party hereto, by executing and filing a Joinder agreeing to be bound by the terms and provisions of this Joint Protective Order.

20. A Party needing relief from the provisions of this Joint Protective Order, or who seeks modification of the Joint Protective Order may, if agreement between or among the Parties cannot be reached, seek appropriate relief from the Court upon notice to the other Parties.

21. Nothing contained in this Joint Protective Order will be construed as: (a) a waiver by a Party of its right to object to any discovery request propounded; (b) a waiver of any privilege or protection available under the controlling law; or (c) a waiver of any Party's right to object to the admissibility at trial of any document, testimony or other evidence.

22. This Court shall retain jurisdiction over all persons subject to this Joint Protective Order to the extent necessary to enforce any obligations arising hereunder.

23. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

June 10, 2022

**STIPULATED AND AGREED:**

| | |
|---|---|
| */s/ James R. Muldoon*_____ <br> James R. Muldoon <br> HARRIS BEACH PLLC <br> 333 West Washington Street, Suite 200 <br> Syracuse, New York 13202 <br> (315) 214-2021 <br> 100 Wall Street <br> New York, NY 10004 <br> (212) 912-3517 <br> jmuldoon@harrisbeach.com <br> *Attorneys for NOTRE LLC* | */s/ Leonie Huang*_____ <br> Leonie Huang <br> HOLLAND & KNIGHT LLP <br> 31 West 52nd Street <br> New York, New York 10019 <br> (212) 513-3200 <br> Leonie.Huang@hklaw.com <br><br> Daniel J. Barsky (*Admitted Pro Hac Vice*) <br> 701 Brickell Avenue, Suite 3300 <br> Miami, Florida 33131 <br> (305) 374-8500 <br> Daniel.Barsky@hklaw.com <br> *Attorneys for Defendant* <br> *ATALLAH GROUP US INC* |

*John Bostany*
_____
John P. Bostany
THE BOSTANY LAW FIRM PLLC
3 World Financial Center- 24th Fl
New York, New York 10281
*Attorneys for Plaintiff*

*Christopher Serbagi*
_____
Christopher Serbagi
THE SERBAGI LAW FIRM, PC
488 Madison Avenue, Suite 1120
New York, New York 10022
*Attorneys for UNIT 20 LTD, CHARLOTTE KNOWLES LTD, DOVER STREET MARKET NEW YORK LLC, TENKEI CORP., SENSU, INC.*

**SO ORDERED:**

_____
JAMES L. COTT
United States Magistrate Judge

Dated: June 10, 2022
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GMA ACCESSORIES, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNIT 20 LTD, CHARLOTTE KNOWLES LTD, ATALLAH GROUP US INC, DOVER STREET MARKET NEW YORK LLC, TENKEI CORP., SENSU, INC. and NOTRE LLC<br><br>    Defendant. | Civil Action No. 21-cv-11227<br><br>EXHIBIT A: NON-DISCLOSURE AGREEMENT |

I, _____, hereby declare:

1. I hereby agree to be bound by the terms and conditions of the Joint Protective Order of Confidentiality ("Joint Protective Order").

2. I hereby Joint to the jurisdiction of this Court solely for purposes of enforcement of the terms of this Joint Protective Order.

3. I agree not to disclose or use any Discovery Material or Confidential Discovery Material for purposes other than those permitted by the Joint Protective Order.

Dated:  _____, 2022

_____
Name:
Title:
Company:

11