USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   7/8/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
GMA ACCESSORIES INC.,                          :
                                                               :
                                    Plaintiff,           :
                                                               :
                    -v-                                    :          **ORDER**
                                                               :
                                                               :          21-CV-11227 (LGS) (JLC)
UNIT 20 LTD. *et al.,*                               :
                                                               :
                                    Defendants.      :
-----------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

There are two letter-motions pending before the Court.  In the first, GMA seeks to compel the Supplier Defendants (Unit 20 and Charlotte Knowles Ltd.) to answer Interrogatory No. 9, which requests the identification of each website that CharlotteKnowles.com was forwarded to from 2019 to date (Dkt. No. 151).  While there is a question as to whether the specific objections that the Supplier Defendants now interpose to this interrogatory are timely, and concomitantly whether GMA failed to properly meet and confer on this subject, the Court will dispense with these ancillary issues and reach the merits of the question and make short work of it.  In brief, GMA has not persuaded the Court that it is entitled to damages related to the KNWLS brand as a result of its connection to CharlotteKnowles.com.  Indeed, it has not even alleged that the domain name KNWLS.com constitutes infringement, and it has not cited authority for the proposition that the use of a person's name (such as Charlotte Knowles) to announce a new brand (such as KNWLS), could constitute infringement, thus

1

justifying discovery related to the new brand.  None of the cases GMA cites in its letter-motion supports this proposition.  Accordingly, the motion to compel is denied.

In the second letter-motion (Dkt. No. 153), GMA requests an order (1) endorsing the e-service stipulation between Plaintiff and the Supplier Defendants; (2) requiring the Supplier Defendants to complete the index to their production pursuant to the June 17 on-the-record consent order; and (3) overruling the service objection asserted by Defendants Tenkei, Sensu, and Dover and/or setting a date for them to respond to GMA's June 10th discovery requests.  As to the first issue, the Supplier Defendants have advised the Court that they have no objection to the Court endorsing the parties' electronic service stipulation, though they request that their service address be added before the Court does so.  GMA has since submitted to the Court as Exhibit J to its reply letter[1] a revised electronic service order (Dkt. No. 155-2), which the Court will sign.[2]  As to the second issue, the Supplier Defendants have reported that they have, as of June 30, provided an updated index that includes all the references sought by GMA.  Thus, this issue is moot.  As to the

---

[1] Under the Court's Individual Rules, there is no provision for reply letters when discovery disputes are presented to the Court by letter-motion.  Unless permission is obtained from the Court to make such a submission, no reply letters related to discovery disputes are allowed, and any that are submitted will be ignored.

[2] If the Supplier Defendants believe additional amendments to the electronic service order are required, they may submit an amended order for the Court's review (following a meet-and-confer with GMA).

third issue, the parties have agreed to a July 15 responsive date, which the Court hereby "so orders," so this issue is also now moot.

Finally, the Court admonishes the parties to work together more cooperatively than they have been in recent months, as beyond advocating for their clients they have responsibilities as officers of the Court.  It does not serve their clients' interests to inundate the Court with their every disagreement.  The parties are reminded of President Lincoln's instruction: "Discourage litigation.  Persuade your neighbors to compromise whenever you can.  Point out to them how the nominal winner is often a real loser – in fees, expenses, and waste of time.  As a peacemaker, the lawyer has a superior opportunity of being a good man.  There will be business enough."[3]

The Clerk is respectfully directed to close Docket No. 151 and mark it as "denied," and to close Docket No. 153 and mark it as "granted in part and denied in part as moot."  Any request to submit a fee application is denied without prejudice.

**SO ORDERED.**

Dated: July 8, 2022
          New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[3] See http://www.abrahamlincolnonline.org/lincoln/speeches/lawlect.htm (last visited July 8, 2022).