```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
GMA ACCESSORIES INC.,                   :
                                        :
                    Plaintiff,          :
                                        :
        -v-                             :       **ORDER**
                                        :
                                        :       21-CV-11227 (LGS) (JLC)
UNIT 20 LTD. *et al.*,                  :
                                        :
                    Defendants.         :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

In this over-litigated trademark case, Plaintiff has submitted yet another discovery letter-motion, claiming that it "reluctantly come[s] again to this Court for assistance with additional discovery issues that are preventing [it] from understanding the scope and extent of Defendant's [sic] infringement." Dkt. No. 165 at 1. In requesting leave to submit a reply to Atallah's July 15, 2022 letter (Dkt. No. 172) today, it claims it will "continue [its] efforts to avoid judicial intervention." Dkt. No. 177 at 1 n.1. From the Court's perspective, Plaintiff has done nothing of the kind. To the contrary, it comes running to the Court whenever it is unable to work things out with opposing counsel after less than a full-blown effort to do so, and without there having been direct and precise communication in whatever meet-and-confers are taking place. It is clear to the Court, given the language and tone of the recent correspondence, that counsel simply do not get along with each other and that is unfortunate. In the world we live in, counsel should strive even more than usual to afford each other professional courtesies and

1

to work out disagreements about discovery issues as officers of the Court. To fail to do so does not serve their clients' interests. The Court has no interest (or time) in refereeing a swearing contest among lawyers as there is nothing productive in doing so. The Court is also not interested in reviewing the correspondence between counsel to determine who has been more (or less) accurate in their respective reports to the Court. Accordingly, given that this is precisely what Plaintiff now proposes to offer to the Court, **the request to submit a reply is denied**.

As for the underlying disputes, it appears from the parties' submissions that many of the issues raised in Plaintiff's letter-motion are moot.

In the conclusion to its letter-motion (Dkt. No. 165 at 5), Plaintiff summarizes its requests to be that Defendants be directed to undertake the following actions:

(1) supply the website advertisements that contain Charlotte Knowles underneath the images;

(2) that Supplier Defendants identify their distributors along with their sales including the sales of New Six Limited;

(3) Supplier Defendants provide images of Charlotte products with the hangtags on them that they depicted in 1257 of their production;

(4) copies of the website pages or other uses which show the fonts that are set forth on page 1256 of their production; and

(5) Atallah be directed to respond to interrogatories 1 and 3, and RFD's 2, 6–10.

The Supplier Defendants do not dispute the substance of any of the requests made of them, but instead represent to the Court that they have already produced any responsive documents they have. They further agree to undertake another review and produce any additional responsive documents which are not duplicative and have not already been produced. *See* Dkt. No. 168 at 1–2 (as to (1): "Unit 20

has not promulgated any website advertisements," as to (2) "all responsive documents have been produced," as to (3) "Unit 20 will produce any [images of CHARLOTTE KNOWLES branded products shown with hangtags]," and as to (4) "Unit 20 will review its records . . . and produce any additional, noncumulative documents that it finds."). Plaintiff does not cite to any law or make any argument for the proposition that the Supplier Defendants should be required to create documents responsive to their requests that do not already exist as kept in the ordinary course of business (nor could they, as that is not the law). Thus, despite its expressed frustration, Plaintiff has not demonstrated entitlement to documents beyond what has already been produced (or will be produced as part of the Supplier Defendants' duty to supplement its responses). Therefore, on the current record, the Court will not order any relief as against the Supplier Defendants.

As to Atallah, Plaintiff appears to seek two categories of discovery: (1) exemplars of purchase orders and invoices, a sales report, and exemplars of shipping documents and of advertisements for Charlotte Knowles merchandise, the latter of which would satisfy the request for interrogatories 1 and 3 (Dkt. No. 165 at 3–4); and (2) a privilege log and/or documents responsive to RFDs 2 and 6–10 (Dkt. No. 165 at 4). With respect to category (1), Atallah responds as follows:

- It claims that it already provided the substantive answers to Interrogatories 1 & 3 and will provide written supplemental responses (Dkt. No. 172 at 2). Plaintiff does not make a request for the setting of a date certain by which Atallah would be required to provide its written supplemental responses, but does argue in its request for leave to submit a reply letter that Atallah "never provided answers" to Interrogatories 1 and 3. Dkt. No. 177.

3

- Regarding exemplars of advertisements, Atallah explains that it "does not have what would typically be considered advertisements for Charlotte Knowles merchandise" but "produced documents [on June 24], kept in the ordinary course of its business, that its counsel understood to be responsive to what GMA was seeking based on GMA's counsel's written follow-up proposal narrowing the scope of its requests." (Dkt. No. 172 at 2). Atallah claims that after a meet-and-confer at which it was told GMA "meant exemplars of Atallah's website pages," it is now "in the process of determining whether and what information is available and, if it is able to locate any such documents, will produce same." *Id.* Again, Plaintiff does not raise a request for the setting of a date certain by which Atallah would produce any responsive documents.

With respect to category (2), Atallah objects and argues, *inter alia,* that RFDs 2 and 6–10 seek only information "directed specifically to searching for privileged matter." Dkt. No. 172 at 4. It contends that "[t]he requirement for and purpose of a privilege log is to allow a party to assess a claim that information that is otherwise discoverable is being withheld because it is privileged." *Id.* Atallah further represents to the Court that "GMA explained and confirmed that it was specifically seeking privileged information that it wanted Atallah to log . . . [thus], [t]he scope of these GMA requests are not geared towards non-privileged communications." *Id.* While that appears accurate based on the text of the requests, the parties have not provided enough information for the Court to determine whether these requests are entirely privileged and whether Atallah's objections should be sustained.[1]

---

[1] Although Atallah provided information relevant to the sales report issue, Plaintiff advises that it is "not asking for a ruling" about it. Thus, this issue does not require any further action by the Court. (Dkt. No. 165 at 4).

4

While the Court is reluctant to do so, it appears to have no choice but to schedule another discovery conference in this case. Accordingly, in order to save their clients time and money, the conference will proceed by telephone rather than in person. The conference will take place on **Thursday, July 21, 2022 at 3:00 p.m.** The parties should call the Court's conference line at (877) 873-8017 (access code: 5277586) at that time.[2] Between now and the conference, counsel are directed to further meet and confer to see if they can narrow or resolve any of their outstanding disputes. If they are able to do so, they can so advise the Court and the conference will be cancelled. Among other things, counsel should agree on a deadline for the production of additional documentation, if any (a deadline the Court will set at the conference if the parties cannot agree).

Finally, any requests for sanctions are denied. Any request to limit the submission of discovery disputes to once per month is taken under advisement, and will be discussed at the July 21st conference.

**SO ORDERED.**

Dated: July 18, 2022
    New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[2] In order to ensure an efficient conference, only one lawyer may speak for each party, and each lawyer must be mindful not to interrupt another lawyer during the proceeding.

5