UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ATALLAH GROUP US INC., et al.,
                       Plaintiffs,

               -against-

GMA ACCESSORIES INC.,
                       Defendant.
-------------------------------------------------------------X

21 Civ. 11227 (LGS)

**ORDER**

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on October 9, 2023, GMA filed its answers to counterclaims against it in Case No. 21 Civ. 11227 (the "Trademark Case"). In a joint letter dated October 10, 2023, (the "Joint Letter") as to the counterclaims in the Trademark Case, New Six stated that it "will not be continuing with any counterclaims." Atallah stated that it "will waive its counterclaims, except [asked] that its claim for abandonment be woven into the antitrust case."

      WHEREAS, the Joint Letter further states the parties' agreement that (1) Atallah and New Six would request leave to move for fees on the ground that the case was "exceptional" under the Latham Act, with the parties (including GMA's) respective requests for page limits on briefing and (2) the parties would not file sanctions motions against each other.

      WHEREAS, the Joint Letter further states that GMA does not consent to the migration of the abandonment counterclaim into Case No. 22 Civ. 7438 (the "Antitrust Case"), but does not state any objection by GMA to the dismissal of the other counterclaims.

      WHEREAS, the Court convened a conference on October 13, 2023, to discuss the Joint Letter. At the conference, GMA challenged the consolidation of the two cases and the resulting transfer of the abandonment claim into the Antitrust Case. GMA did not challenge Atallah and New Six's dismissal of the other counterclaims. After hearing argument, the Court orally

ordered consolidation of the two cases.

WHEREAS, an Order filed October 16, 2023, inter alia, ordered consolidation of the Trademark Case and the Antitrust Case under Federal Rule of Civil Procedure 42(a); and dismissed the counterclaims in the Trademark Case on consent, except the abandonment counterclaim, thus leaving the abandonment counterclaim as the sole surviving claim from the Trademark Case to be consolidated into the Antitrust Case (all of GMA's affirmative claims having been previously dismissed).

WHEREAS, by letter dated October 18, 2023, GMA disputed that it had previously consented to dismissal of the counterclaims, and stated that it would consent if the counterclaims were dismissed with prejudice.  (GMA's consent is necessary for dismissal since it answered the counterclaims before dismissal.  *See* Fed. R. Civ. P. 41(c).)

WHEREAS, by letter dated October 19, 2023, Atallah and New Six asserted that GMA had consented to dismissal of the counterclaims, and opposed dismissal with prejudice, because GMA reportedly had communicated to Atallah and New Six that GMA intends to move for fees with the dismissal of the counterclaims.  Atallah and New Six also requested that the Court limit any further briefing in connection with the Trademark Case to the exceptional case motion, and requested an extension from October 20 to October 25, 2023, to file a proposed joint scheduling order in the Antitrust Case.

WHEREAS, the Court finds that GMA did consent to dismissal of the counterclaims as evidenced by the Joint Letter and GMA's conduct at the October 13, 2023, conference.  It is hereby

**ORDERED** that the dismissal of the counterclaims (except the abandonment counterclaim) filed in the Trademark Case is without prejudice.  *Cf.* Fed. R. Civ. P. 41(a)(1)(B)

(stating as to voluntary dismissal of claim by the plaintiff, "Unless the notice or stipulation states otherwise, the dismissal is without prejudice."). It is further

**ORDERED** that the Court declines to address the hypothetical question of whether GMA should be permitted to make a fee application in connection with the dismissed counterclaims. GMA has not stated to the Court its wish to do so. It is further

**ORDERED** that the due date for the parties to submit a proposed scheduling order for discovery on the antitrust claims is extended from October 20 to **October 25, 2023**. Atallah and New Six shall provide a draft of the proposed scheduling order to GMA by **October 24, 2023, at 9:00 A.M.**

Dated: October 20, 2023
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**