UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ATALLAH GROUP US INC.,

                    Plaintiff,

      -v-                                **ORDER**
                                        21-CV-11227 (DEH) (JLC)

GMA ACCESSORIES, INC.,

                    Defendant.
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/1/2023__

**JAMES L. COTT, United States Magistrate Judge.**

The Court held a pre-trial conference today, reviewed the parties' competing case management plans, and ordered that the following schedule and other directives will govern:

1. The fact discovery deadline is **February 28, 2024**.

2. The expert discovery deadline is **April 30, 2024**. Plaintiff shall make its expert disclosure, including its expert report, by **March 13, 2024**. Defendant shall make its expert disclosure, including its expert report, by **April 10, 2024**. Any expert depositions must be concluded by **April 30, 2024**.

3. All discovery must be initiated in time to be concluded by the February 28, 2024 deadline (that is, all document requests, requests for admission etc. must be served no later than 30 days before the fact discovery deadline). Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention during the interim discovery conferences listed in paragraph 5 of this Order. Any application

for an extension of the time limitations set forth herein must be made as soon as the cause for the extension becomes known to the party making the application and <u>no later than 30 days before the deadline</u>.  The application also must state the position of all other parties on the proposed extension and must show good cause not foreseeable as of the date of this Order.  "Good cause" as used in this paragraph does not include circumstances within the control of counsel or the party.  Any application not in compliance with this paragraph will be denied.

4. The parties anticipate making cross-motions for summary judgment upon the close of discovery.  The parties' cross-motions will be due by **May 31, 2024**.  The opposition papers will be due by **July 1, 2024**.  Reply papers will be due by **July 22, 2024**.  These motions will be before Judge Ho, as will the anticipated motion for attorneys' fees to be made by plaintiff (and any cross-motion to be made by defendant, with Judge Ho's permission).

5. The Court will hold interim discovery conferences on the following dates as part of the case management process, given the parties' history of discovery disputes: **Wednesday December 13**, **Wednesday January 17**, and **Wednesday February 14**.  These conferences will all be held in Courtroom 21-D, 500 Pearl Street at 2:30 p.m.  For the December conference, letters identifying disputes will be due **by December 6 at 5 p.m.** with responses by **December 8 at 5 p.m**.  For the January conference, letters identifying disputes will be due by **January 10 at 5 p.m.** with responses by **January 12 at 5 p.m.**  For the February

conference, letters identifying disputes will be due by **February 7 at 5 p.m.** with responses due by **February 9 at 5 p.m**. <u>Any submissions filed after 5 p.m. on the due dates will not be considered by the Court</u>. No submission may be longer than 5 pages. If no letters are filed on December 6, January 10, or February 7, then the conferences scheduled for the following week will be cancelled. <u>For avoidance of doubt, no other discovery dispute-related letters may be submitted to the Court except on the designated dates</u>.

6. Given the acrimony that has occurred at prior depositions, the Court directs that the following procedures shall govern depositions henceforth conducted in this action. Virtually all these directives are taken from Judge Kaplan's helpful order in *Auscape International v. National Geographic Society*, No. 02 Civ. 6441 (LAK), 2002 WL 31014829, at *1 (S.D.N.Y. Sept. 6, 2002).[1]   <u>Counsel are hereby advised that any violations of these directives will likely lead to the imposition of sanctions</u>:

- Counsel are instructed to avoid argumentative or repetitive questions and speaking objections.
- Objections as to the form of the question shall be made by opposing counsel, who shall simply state, "Objection." The

---

[1] For additional guidance, the Court also recommends to the parties both Magistrate Judge Gorenstein's memorandum order in *Severstal Wheeling Inc. v. WPN Corp.*, No. 10 Civ. 954 (LTS) (GWG), 2012 WL 1982132 (S.D.N.Y. May 30, 2012) (addressing, *inter alia*, argumentative and non-concise objections and improper directions not to answer), and Magistrate Judge Fitzsimmons' ruling in *Namoury v. Tibbetts*, No. 3:04CV599 (WWE) (HBF), 2007 WL 638436 (D. Conn. Feb. 27, 2007) (regarding hypothetical questions at depositions).

objecting counsel shall not speak any additional words concerning the basis of the objection unless the examining counsel requests a clarification.  Any clarification as to the basis of the objection shall be stated as succinctly as possible, such as, "Argumentative," or "Ambiguous," or "Asked and Answered."

- Objections to the responsiveness of the answer shall be made by the examining counsel, who shall simply state, "Move to strike as unresponsive."  The objecting counsel shall not speak any additional words concerning the basis of the motion unless deponent's counsel requests a clarification.

- Directions to the deponent not to answer a question are improper except on the ground of privilege, on the ground that the Court has ordered that such information is not subject to discovery, or to enable a party or deponent to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith, or in such a manner as to unreasonably annoy, embarrass, or oppress the moving party or deponent.  Instructions not to answer a question given to a witness by counsel shall be kept to a minimum.  All grounds for an instruction not to answer a question must be stated at the time the instruction is given.  Failure to state a ground at that time will result in its waiver.  When a privilege is claimed, the deponent must answer questions relevant to the existence,

      extent and/or waiver of the privilege, including questions addressing the date of privileged communication, who made the privileged communication, and the identity of persons to whom the contents of the statement have been disclosed.

- Counsel are instructed to avoid any colloquy among attorneys during the course of the deposition. If any third-party depositions are taken in this case, counsel of record are directed to provide a copy of this Order to counsel for the third parties in advance of their depositions.

**SO ORDERED.**

Dated: November 1, 2023
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge